UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

MIGUEL BATISTA,

            Plaintiff,

  -against-

METROPOLITAN DETENTION CENTER;
FEDERAL BUREAU OF PRISONS,

            Defendants.
---------------------------------------X

MEMORANDUM
AND ORDER
06-CV-02476 (ARR)

ROSS, United States District Judge:

Plaintiff, currently incarcerated at Metropolitan Detention Center ("MDC"), files this action *pro se* pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"), alleging inadequate medical care after an injury to his lower back caused by a slip and fall in a shower area at MDC on March 28, 2004. Plaintiff seeks one million five hundred thousand dollars in damages. The Court grants plaintiff permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order,[1] and directs plaintiff to amend his complaint within thirty (30) days of this Order as directed below.

## DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28

---

[1] Although plaintiff did not submit a request to proceed *in forma pauperis*, it is apparent from the Prisoner Authorization form that he is incarcerated. The Court presumes plaintiff is indigent since he is incarcerated.

1

U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). Dismissal is also appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of plaintiff's pleadings. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds); Baker v. Cuomo, 58 F.3d 814, 818-19 (2d Cir. 1995) (*sua sponte* dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by the statute of limitations"), vacated in part on other grounds, 85 F.3d 919 (2d Cir. 1996).

### B. Federal Tort Claims Act

The United States may not be sued unless it consents to be sued by explicitly waiving its sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941); Morales v. United States, 38 F.3d 659, 660 (2d Cir. 1994). Such a waiver is a jurisdictional prerequisite to obtaining relief. United States v. Mitchell, 463 U.S. 206, 212 (1983). Pursuant to the FTCA, the United States has waived immunity for any injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The FTCA requires the filing of an administrative claim with the relevant federal agency before commencing an action in federal court. 28 U.S.C. § 2675(a). Section 543.31 of Title 28 of the Code of Federal Regulations provides that a federal prisoner may file a claim pursuant to the FTCA if he or she is "the injured person or the owner of ... damaged or lost property." If a claim is denied or the claimant is unsatisfied with a settlement offer, the prisoner may "request, in writing, that the Bureau of Prisons reconsider [the] claim." 28 C.F.R. § 543.32. Should the prisoner be dissatisfied with the "final agency action," he or she may "file suit in an appropriate U.S. District Court as no further administrative action is available." Id.; see also Owusu v. Federal Bureau of Prisons, No. 02-0915, 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003) ("The FTCA's administrative review requirements ... merely require an inmate to file his or her claim with the Regional Office and appeal to the General Counsel's office ....") (citing 28 C.F.R. §§ 543.31, 543.32).

Here, plaintiff filed a claim pursuant to the FTCA with the Bureau of Prisons. On October 27, 2004, the Regional Office of the Federal Bureau of Prisons denied plaintiff's administrative claim regarding his injury. See Complaint, Exhibit 3, Memorandum from Henry J. Sadowski, Regional Counsel, Federal Bureau of Prisons. Plaintiff was authorized to "seek reconsideration from this office or bring an action against the United States in an appropriate United States District Court within six (6) months of the date" of the decision. Id. Plaintiff filed the instant action on March 31, 2006, well over a year after the memorandum from the Regional Office of the Federal Bureau of Prisons denied his administrative claim. Therefore, plaintiff must inform the Court, within thirty days from the date of this Order, why his claim under the FTCA should not be dismissed as untimely. If plaintiff sought reconsideration of the October 27,

2004 memorandum, he should inform the Court, provide dates, and a copy of any decision.

C. **Bivens Claims**

Liberally construing plaintiff's complaint, as the Court must, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), it may be liberally construed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), which governs constitutional violations by persons acting under color of federal law and is analogous to 42 U.S.C. § 1983, which governs actions against persons acting under color of state law. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("federal courts typically incorporate § 1983 law into Bivens actions"); see generally, Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinction for purposes of immunity law between Bivens and § 1983 claims); Polanco v. U.S. Drug Enforcement Agency, 158 F.3d 647, 653 (2d Cir. 1998) (same statute of limitation applies to Bivens and § 1983 claims).

In this case, plaintiff alleges two distinct Eighth Amendment violations: (1) the existence of the slippery floor due to dysfunctional shower facilities; and (2) inadequate medical treatment.

### 1. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (the "PLRA"), 42 U.S.C. §1997e(a), mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is not a jurisdictional predicate under the PLRA, see Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003), the prisoner "must pursue his challenge to the conditions in question through to the highest level of administrative review prior

4

to his suit." Flanagan v. Maly, No. 99 Civ. 12336, 2002 WL 122921, at *2 (S.D.N.Y. Jan. 29, 2002).

Claims asserting "deliberate indifference" concerning medical care are allegations that fall within the exhaustion requirement of the PLRA. See Baez v. Parks, 02 Civ. 5821, 2004 WL 1052779, at *4 (S.D.N.Y. May 11, 2004) (citing Wagnoon v. Johnson, No. 02 Civ. 10282, 2004 WL 583764, at *2 (S.D.N.Y. Mar. 23, 2004)) (dismissing deliberate indifference claim because inmate failed to exhaust administrative remedies finding that the claim was barred by the PLRA). The filing of an administrative tort claim by a prisoner does not excuse the prisoner's failure to meet the separate exhaustion requirements for a Bivens claim under the PLRA. See, e.g., Owusu, 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003) ("Here, while plaintiff did exhaust the available administrative remedies for his FTCA claim, he did not do so for his Bivens claim under the PLRA. The exhaustion procedures under the two statutes differ, and the fulfillment of one does not constitute satisfaction of the other."); Hylton v. Federal Bureau of Prisons, No. 00 Civ. 5747, 2002 WL 720605, at *2 (E.D.N.Y. Mar. 11, 2002) ("[I]t is entirely possible that [plaintiff] exhausted his administrative remedies for purposes of the FTCA without exhausting remedies pursuant to the PLRA for purposes of filing a Bivens claim.").

It is unclear from the complaint whether plaintiff has exhausted his administrative remedies under the PLRA. Plaintiff shall inform the Court of what, if any, administrative remedies he has pursued under the PLRA if he wishes to proceed with a Bivens claim.

### 2. Individual Defendants

Moreover, a Bivens claim can only be brought against a federal employee in his individual capacity. It cannot be maintained against the United States, its agencies, or its

employees in their official capacities. F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994); Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir.1991) ("even in Bivens actions jurisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work") (citations omitted); Hylton v. Federal Bureau of Prisons, No. 00 Civ. 5747, 2002 WL 720605, at *2 (E.D.N.Y. 2002).

As currently stated, the complaint fails to state a Bivens claim against defendants Bureau of Prisons and Metropolitan Detention Center. In order to state a Bivens claim, plaintiff must identify an individual federal employee or employees who violated his constitutional rights in her or his individual capacity. Perez v. Hawk 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004) (personal involvement by a federal official is a prerequisite to liability under Bivens); Khan. v. U.S., 271 F. Supp. 2d 409, 413 (E.D.N.Y. 2003) (inmate's Bivens claims against prison officials dismissed for failure to state a claim because "plaintiff has failed to allege any facts against" those officials).

### 3. Sufficiency of the Slip and Fall Claim

Plaintiff alleges that he "slipped and fell in a common area as a result of a significant amount of water scattered haphazardly on the floor as a result of disfunctional shower facilities. Plaintiff had no prior warning or visi[]ble alert that would have made him aware that water consist[e]ntly flowed in that area." Complaint at 1. Courts have regularly held that a wet or slippery floor does not pose an objectively excessive risk to prisoners. See, Sylla v. City of New York, No. 04 CV 5692, 2005 WL 3336460, at *4 (E.D.N.Y. Dec. 8, 2005) (listing cases such as Davis v. Reilly, 324 F. Supp.2d 361, 367 (E.D.N.Y. 2004) (failure to provide shower mats does not rise to the level of a constitutional violation); Eley v. Kearney, No 02 Civ 362, 2005 WL

1026718, at *5 (D. Del. 2005) (classifying "accumulated slippery substances" as "inadvertent or negligent" rather than "obdurate and wanton"); Hill v. Central Reception Assignment Facility, No. 05 Civ 3860, 2005 WL 2491517, at * 4 (D. N.J.,2005) ("water problem" leading to slip and fall cannot satisfy objective risk requirement); and Wehrhahn v. Frank, No. 04 Civ 475, 2004 WL 2110755, at * 2 (W.D. Wis.2004) (failure to put up a "slippery when wet" sign insufficient grounds for stating Eighth Amendment claim)).

Even if plaintiff sufficiently alleged that the wet floor constituted an objective risk to him, he must also allege facts that, if proved, could give rise to an inference of deliberate indifference on the part of an employee of MDC. See Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir.2001) (applying deliberate indifference standard in case involving allegations that inmate was exposed to unsanitary conditions and prolonged cold); Blissett v. Coughlin, 66 F.3d 531, 536-37 (2d Cir.1995) (applying deliberate indifference standard in case involving allegations by inmate that he was kept for several days in a dark unsanitary observation cell, without any personal amenities). Negligence cannot provide the requisite basis on which to sustain an Eighth Amendment violation of deliberate indifference. See Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999) ("This standard requires that only the deliberate infliction of punishment, and not an ordinary lack of due care for prisoner interests or safety, leads to liability.")

With respect to this claim, plaintiff has alleged nothing more than negligence on the part of MDC employees for failing to clean a wet floor. Thus, as currently stated, the slip-and-fall allegation fails to state a Bivens claim because it does not meet either the objective or subjective standards defining an Eighth Amendment violation. The court is therefore likely to dismiss the slip-and-fall claim, unless plaintiff amends his complaint to allege conduct with respect to the

existence of the wet floor that can satisfy the objective and subjective standards of an Eighth Amendment violation.

## LEAVE TO AMEND

Without ruling upon the likelihood that plaintiff can fashion a sustainable complaint, the Court will afford plaintiff thirty days (30) to amend his complaint. Cruz v. Gomez, 202 F.3d 593, 596-98 (2d Cir. 2000) (*pro se* plaintiff should be afforded opportunity to amend complaint prior to dismissal). If plaintiff wishes to pursue a FTCA action, plaintiff shall inform the Court why his FTCA should not be dismissed as untimely. Plaintiff shall attach a copy of any decisions by the federal agency which reviewed his FTCA claim not previously provided to the Court.

Should plaintiff wish to pursue a Bivens claim, plaintiff must name defendants personally involved in the alleged deprivation of his rights, Platsky, 953 F.2d at 28 ("even in Bivens actions jurisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights), and establish that he has exhausted his administrative remedies under the PLRA.

## CONCLUSION

Plaintiff shall have thirty days to file an amended complaint that complies with this Order. The amended complaint must be submitted to the Court within thirty days of the date of this Order, be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty days for plaintiff to comply with this Order. If submitted, the amended complaint shall be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915A. If

plaintiff fails to comply with this Order within the time allowed or show good cause why he cannot comply, the complaint shall be dismissed. The Court certifies pursuant to 28 U.S.C.§ 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
June 26, 2006