FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ NOV 15 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
MIGUEL BATISTA,                                               :   NOT FOR ELECTRONIC
                                                              :   OR PRINT
                                                              :   PUBLICATION
              Plaintiff,                                      :
    -against-                                                 :
                                                              :   MEMORANDUM AND
                                                              :   ORDER
METROPOLITAN DETENTION CENTER;                                :
FEDERAL BUREAU OF PRISONS,                                    :   06-CV-02476 (ARR)
                                                              :
              Defendants.                                     :
                                                              :
------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff, currently incarcerated at FCI Allenwood, files this action *pro se* pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"), alleging inadequate medical care after an injury to his lower back caused by a slip and fall in a shower area at Metropolitan Detention Center on March 28, 2004. Plaintiff seeks one million five hundred thousand dollars in damages. By Orders dated June 26, 2006 and August 17, 2006, the Court directed plaintiff to amend his complaint by September 22, 2006. Plaintiff's timely response does not cure the deficiencies of his complaint. The Court dismisses plaintiff's Federal Tort Claims Act claim and directs plaintiff to submit a **second** amended complaint within thirty days of the instant Order as detailed below.

I. **Standard of Review**

Pursuant to 28 U.S.C. § 1915A, the court shall dismiss **any portion** of a prisoner's complaint against a governmental entity or a government officer or employee which is (1) frivolous, malicious or fails to state a claim upon which relief may be granted; or, (2) seeks

1

monetary relief from a defendant who is immune from such relief. Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## II. Federal Tort Claims Act Claim is Time-Barred

Pursuant to the FTCA, the United States has waived immunity for any injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This waiver is contingent on the claimant's having previously presented his or her claim to the appropriate federal agency and on that agency's having denied the claim. 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . [u]nless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent to him by certified or registered mail.")

The FTCA further provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The burden is on the plaintiff to both plead and prove compliance with the statutory requirements. In re Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182 (1936)). In

the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim. Id.

In this case, plaintiff's claim is untimely because he did not file the action within six months of the denial of his claim. As stated in the Court's previous Order, plaintiff filed a claim pursuant to the FTCA with the Bureau of Prisons. On October 27, 2004, the Regional Office of the Federal Bureau of Prisons denied plaintiff's administrative claim regarding his injury. See Complaint, Exhibit 3, Memorandum from Henry J. Sadowski, Regional Counsel, Federal Bureau of Prisons. By Order dated June 26, 2006, plaintiff was afforded an opportunity to amend his complaint to show why his claim under the FTCA should not be dismissed as untimely. Specifically, plaintiff was instructed to "attach a copy of any decisions by the federal agency which reviewed his FTCA claim not previously provided to the Court."

In his letter dated September 16, 2006, which the Court construes as an amended complaint, plaintiff admits that his complaint is not timely, stating that "[a]fter reading the October 27, 2004 memorandum I knew I had six months to file my Tort Claim, but before I did, I wanted to know what was wrong with my back bone." Amended Complaint at 1. He adds, inconsequentially, that in June or July of 2004, before the October 27, 2004 decision, he was twice visited by "a Human Health Resource Officer named Mr. Hunt" who threatened him with transfer to a maximum security facility if he did not sign a letter withdrawing his claim. The fact that plaintiff "wanted to file my claim within the six months time period I had on my October 27, 2004 memorandum but I wanted some answers to the questions I had regarding my accident," Amended Complaint at 2-3, does not excuse his failure to comply with the FTCA. Since plaintiff filed the instant action on March 31, 2006, approximately seventeen months after

the October 27, 2004 denial of his claim, his FTCA claim is time-barred. 28 U.S.C. § 2401(b). Thus, the Court is without jurisdiction to hear his claim and it is dismissed.

### III. Bivens Claim

As stated in the Court's previous Order, plaintiff's complaint was liberally construed as alleging a Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, (1971) claim alleging two distinct Eighth Amendment violations: (1) the existence of the slippery floor due to dysfunctional shower facilities; and (2) inadequate medical care or deliberate indifference to serious medical needs. However, three deficiencies of plaintiff's Bivens claims were identified. Plaintiff was given an opportunity to amend his complaint to cure these deficiencies if he wanted to proceed under this cause of action. Specifically, he was ordered to (1) identify an individual federal employee or employees who violated his constitutional rights in her or his individual capacity; (2) inform the Court what, if any, administrative remedies he has pursued under the PLRA; and (3) as to the slip and fall claim, allege conduct with respect to the existence of the wet floor to satisfy the objective and subjective elements of an Eighth Amendment claim.

**A. Claims Against Federal Agencies and Employees In Their Official Capacities Dismissed**

"To state a claim under Bivens, a plaintiff must allege a deprivation of constitutional rights by defendants acting under color of federal law." Perez v. Hawk, 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004). A Bivens claim can only be brought against a federal employee in his individual capacity. It cannot be maintained against the United States, its agencies, or its employees in their official capacities. F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994); Robinson

4

v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994); Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir.1991) ("[E]ven in Bivens actions jurisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work.") (citations omitted)).

Plaintiff was directed in the previous Order to identify an individual federal employee or employees who violated his constitutional rights in her or his individual capacity. Perez, 302 F. Supp. 2d at 18 (personal involvement by a federal official is a prerequisite to liability under Bivens); Khan. v. U.S., 271 F. Supp. 2d 409, 413 (E.D.N.Y. 2003) (inmate's Bivens claims against prison officials dismissed for failure to state a claim because "plaintiff has failed to allege any facts against" those officials). Plaintiff has not done so. While plaintiff states that he "sent cop-out after cop-out to Mrs. Middleton and the Medical Staff of M.D.C. Brooklyn" and "spoke to the Medical Centers supervisor of MDC Brooklyn," these statements do not identify any individual federal employee or employees who violated his constitutional rights in her or his individual capacity.

Thus, plaintiff's claims against defendants Bureau of Prisons and Metropolitan Detentions Center and any individual defendants in their official capacities are dismissed for failure to state a claim upon which relief may be granted. 29 U.S.C. § 1915A. However, in an abundance of caution and in light of plaintiff's *pro se* status, plaintiff is afforded a second opportunity to amend his complaint. If plaintiff wishes to bring a claim under Bivens, he must therefore amend his complaint to name the individual defendants who allegedly violated his constitutional rights. Plaintiff must name individual defendants in the caption of the Amended Complaint and connect the individuals named in the amended complaint with the alleged

5

deprivation of his constitutional rights. If plaintiff is unable to ascertain the names of the these defendants, he must name each defendant as a "Jane Doe" or "John Doe" and provide details-such as a physical description of the defendant and her or his position (if known) and the date and time of the defendant's allegedly unconstitutional act or omission–which would permit each John Doe to be identified. In addition, plaintiff must provide a "short and plain" description of what each defendant allegedly did or failed to do. Fed. R. Civ. P. 8(a)(2).

**B. PLRA Exhaustion**

Before amending his complaint to state a <u>Bivens</u> claim, plaintiff should also consider whether he has exhausted his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"). The requirements were outlined in the Court's June 26, 2006 order and plaintiff was afforded an opportunity to amend his complaint to state what if any, administrative remedies he has pursued. Plaintiff's response is silent in this regard.

**C. Sufficiency of the Slip and Fall Claim.**

As to the slip-and-fall claim, the Court's previous Order informed plaintiff that he has alleged nothing more than negligence on the part of MDC employees for failing to clean a wet floor and that should he wish to proceed with this claim, he must amend his complaint to satisfy the objective and subjective elements of an Eighth Amendment violation. Plaintiff has failed to do so. Thus, since he has not alleged a constitutional violation regarding dysfunctional shower facilities, plaintiff's slip-and-fall claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

**Conclusion**

Accordingly, plaintiff's FTCA claim is dismissed for lack of subject matter jurisdiction.

Fed. R. Civ. P. 12(h)(3) and his slip-and-fall claim is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Should plaintiff wish to pursue a <u>Bivens</u> action relating to inadequate medical care or deliberate indifference to serious medical needs, he must consider whether he has exhausted his administrative remedies. Should he decide to proceed with a <u>Bivens</u> action, plaintiff must submit a second amended complaint within thirty (30) days of the date of this Order. The Second Amended Complaint must be captioned, "Second Amended Complaint," and bear the same docket number as this Order. Plaintiff must identify the individual defendants who allegedly violated his constitutional rights and provide a "short and plain" description of what each defendant allegedly did or failed to do. Fed. R. Civ. P. 8(a)(2). Plaintiff is advised that the Second Amended Complaint will replace the Complaint and the Amended Complaint. If plaintiff fails to amend his complaint within thirty days of as directed by this Order, judgment shall enter dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: November 14, 2006
      Brooklyn, New York